IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:07cr125 |
| | ) | |
| ARTHUR GOMEZ, | ) | The Honorable Leonie M. Brinkema |
| | ) | |
| Defendant. | ) | <u>Sentencing:</u> July 13, 2007 |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING FACTORS**

COMES NOW, the United States of America, through its attorneys, Chuck Rosenberg, United States Attorney, and Jay V. Prabhu, Special Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* §2B5.3 (Nov. 2004), files this Position of the United States with Respect to Sentencing of ARTHUR GOMEZ (1:07cr125).  The United States believes that in this case the Sentencing Guidelines establish a reasonable sentencing range that appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a) and requests that the Court sentence Defendant ARTHUR GOMEZ to a sentence at the low end of the 12-18 months advisory Guidelines range.

**I.     BACKGROUND**

As set forth in the Presentence Report and the Statement of Facts, the Defendant was a member of an Internet pre-release music group called "Apocalypse Crew" or "aPC."  The Defendant has acknowledged that he did willfully enter into an agreement with one or more individuals for the express purpose of unlawfully reproducing and distributing copyrighted

materials via the Internet. Defendant also acknowledges that, through the acts of himself and others in the conspiracy, aPC caused the reproduction and distribution over the Internet of copyrighted works with a total infringement amount of more than $30,000 and less than $70,000.

On April 20, 2007, the Defendant pled guilty to a single count criminal information of conspiracy to commit copyright infringement, in violation of Title 18, United States Code, Section 371. On that date, the Court accepted the defendant's plea of guilty to the information.

In this case, there was both an agreed-upon statement of facts and a plea agreement. In the statement of facts and before the Court, the Defendant admitted his unlawful conduct. Based on this record, the Presentence Report calculated that the Adjusted Offense Level for the defendant's conduct was 13: Sentencing Guideline 2B5.3(a) provides for an offense level of 8 for criminal copyright infringement; Guideline 2B5.3(b)(1)(B) provides an additional six-level upward adjustment for an offense with an infringement amount greater than $30,000, but less than $70,000; and Guideline 2B5.3(b)(3) provides an additional two-level upward adjustment for an offense involving the uploading of infringed items. In the event that the government files a motion with the Court for a Section 3E1.1(b) one-level reduction and assuming the Defendant receives the two-level reduction for acceptance of responsibility, the Defendant will have an Offense Level Total of 13. The Presentence Report further calculates that the defendant has a Criminal History Category of I. With an Offense Level Total of 13 and the Defendant's Criminal History Category of I, the advisory Sentencing Guidelines range for the Defendant is properly calculated as 12-18 months.

II.     **APPLICABLE LEGAL STANDARDS**

Although the Supreme Court rendered the federal Sentencing Guidelines advisory in

*United States v. Booker*, 125 S. Ct. 738 (2005), "a sentencing court is still required to 'consult [the] Guidelines and take them into account when sentencing.'" *United States v. Clark*, 434 F.3d 684, 685 (4th Cir. 2006) (quoting *Booker*, 125 S. Ct. at 766). The Fourth Circuit has held that, "[c]onsistent with . . . *Booker*, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the Sentencing Guidelines. Then the court shall consider that range as well as relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *Clark*, 434 F.3d at 685-86 (emphasis in original) (quoting *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005)); *accord United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006).

Ultimately, the sentence imposed must meet a standard of reasonableness, *see Booker*, 125 S. Ct. at 765, and as the Fourth Circuit has recently stated, "reasonableness is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by the Sentencing Guidelines and by the provisions of § 3553(a)." *Green*, 436 F.3d at 456. Although the court of appeals has cautioned that "[a] sentence falling outside of the properly calculated Guidelines range is not *ipso facto* unreasonable," it has stressed that "a sentence imposed 'within the properly calculated Guidelines range . . . is *presumptively reasonable*.'"[1] *Id.* (quoting *United States v. Newsom*, 428 F.3d 685, 687 (7th Cir. 2005)) (emphasis added).

---

[1] The Fourth Circuit has stated that "[i]f the court imposes a sentence outside the guideline range, it should explain its reasons for doing so." *Hughes*, 401 F.3d at 546; *accord Green*, 2006 WL 267217, *4. If a court decides not to apply "the properly calculated Guideline range," its decision "must be based on the factors listed in § 3553(a)." *Green*, 436 F.3d at 456.

**III.    ARGUMENT**

    A.    A Sentence at the Low End of the Guidelines Range Is Appropriate And Reasonable In Light Of the Serious Nature Of Defendant's Criminal Conduct.

There can be no question that the defendant engaged in serious crimes that harmed individuals and businesses; in fact, the total infringement amount attributable to the conspiracy of which the Defendant was a member is over $50,000. Given the nature of the defendant's criminal conduct and the impact and the harm to the public, the United States believes that a sentence of incarceration at the low end of the applicable Guidelines range would account reasonably for the seriousness of his crimes and to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

    B.    A Sentence at the Low End of the Guidelines Range Would Provide An Appropriate And Reasonable Deterrent Factor.

In addition, sentences within the applicable Guidelines ranges are appropriate and necessary to provide the requisite deterrent factor. *See* 18 U.S.C. § 3553(a)(2)(B). A significant sentence is necessary in order to establish an appropriate deterrent for the defendant and for others. In addition to punishing the defendant for his actions and deterring him from additional criminal conduct, it is important to send a strong, clear message as a matter of general deterrence that intellectual property thieves will be punished and that the punishment will be significant.

With respect to 18 U.S.C. § 3553(a)(6), which deals with sentencing disparities, the government would note for the Court that there have been a number of sentences of co-conspirators of the Defendant who had the same advisory Sentencing Guideline range. These sentences have included the following. First, a split sentence of six months incarceration and six months home detention issued by U.S. District Court Judge Claude M. Hilton. <u>See</u> <u>United States</u>

v. Aaron O. Jones, 1:06CR41-1.  The government acknowledges that Mr. Jones was an even more active participant in the music piracy group than was the Defendant, despite the fact that he had an identical Sentencing Guidelines calculation.  Second, Judge Hilton sentenced another similarly situated co-conspirator to eight months of home confinement.  See United States v. Alan Brown III, 1:06cr41-2l.  Third, U.S. District Court Judge T.S. Ellis, III sentenced another similar co-conspirator to a jail sentence of 45 days with an additional 45 days of community confinement.  See United States v. Michael Kekelis, 1:06cr254.

   As indicated in the statement of facts, the Defendant was willing to cooperate with the Government and provided a full and truthful debrief with the FBI.  PSR at ¶ 21 (Clause 10).  However, his information did not amount to substantial assistance under Rule 5k1.1 or Rule 35.  Id.  Several of his co-conspirators have received motions for reductions in sentence for their substantial assistance.  The sentences received by those individuals.  Two co-conspirators who became active cooperators against defendants in other FBI investigations received probationary sentences with periods of community service.  See United States v. Mark Shumaker, 1:03cr326 (J. Lee); United States v. Jonathan Reyes, 1:07cr48 (J. Brinkema).  A third co-conspirator who was an active cooperator in an unrelated case received 6 months of home confinement.  See United States v. Jason Patton, 1:06cr249 (J. Hilton).  Another active cooperator received a sentence of 1 month in prison and three months of community confinement.  See United States v. Bruce Huckfeldt, 1:06cr304 (J. Ellis).

   Finally, there were two other co-conspirators in this investigation who received "minor" and "minimal" role reductions (Matthew Howard and Derek Borchardt) in 1:06cr41.  U.S.

District Court Judge Claude M. Hilton sentenced these individuals to 10 months home confinement and 6 months home confinement respectively.

### IV.    CONCLUSION

For the reasons set forth above, the United States requests a sentence at the low end of the 12-18 months Guidelines range for the defendant on the sole count of the criminal information. The United States contends that any sentence below the applicable Guidelines range would be unreasonable.

Respectfully submitted,

Chuck Rosenberg
United States Attorney

By:　　　　　　　/s/
Jay V. Prabhu
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314
Phone: 703-299-3700
Fax: 703-299-3981
Jay.Prabhu2@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of July 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

William B. Moffitt
Pleasant S. Brodnax III
Moffit & Brodnax
1700 Pennsylvania Ave. NW #400
Washington, D.C.  20006
Fax: 703-757-9211
Valawyer@erols.com

And I hereby certify that I have sent the following document by facsimile transmission to the following non-filing user:

Nina S. Blanchard
United States Probation Officer
703-366-2150 (fax)

                               /s/
                               Jay V. Prabhu
                               Attorney for the United States of America
                               United States Attorney's Office
                               Justin W. Williams U.S. Attorney's Building
                               2100 Jamieson Ave
                               Alexandria, VA 22314
                               Phone: 703-299-3700
                               Fax: 703-299-3981
                               Jay.Prabhu2@usdoj.gov